IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barbara Rogers a/k/a Barbara Hannah Rogers,<br><br>       Plaintiff,<br><br>v.<br><br>U.S. Bank National Association; Select Portfolio Servicing, Inc.; Caliber Home Loans, Inc.; Robert E. Lee; and Chad Burgess,<br><br>       Defendants. | C/A No.: 4:24-cv-4811-SAL<br><br>**ORDER** |

  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). [ECF No. 11.] Plaintiff, proceeding pro se, asserts claims related to the foreclosure of a property in Effingham, South Carolina. [ECF No. 1.] The Report finds that under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over Plaintiff's claims. [ECF No. 11 at 3–4.] The Report recommends dismissal of Plaintiff's complaint without prejudice and without issuance and service of process. [ECF No. 11 at 4.] Plaintiff filed objections to the Report, ECF No. 14 and 18, and this matter is ripe for ruling. This court adopts the Report and dismisses the complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

  The Report details the relevant facts and standards of law, which the court adopts without a recitation.[1] *See* ECF No. 11 at 1–3.

---

[1] Plaintiff did not object *specifically* to the magistrate judge's recitation of the factual background or legal standards.

1

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Plaintiff filed this action against the Defendants seeking to challenge a state court's judgment in a foreclosure action. *See* ECF No. 11 at 1–2. The Report explains that, under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over Plaintiff's claims since federal courts are precluded from reviewing state-court judgments absent express authorization to do so. *See* ECF No. 11 at 3–4; *see also T.M. v. Univ. of Md. Med. Sys. Corp.*, -- F.4th --, 2025 WL 1571823 (4th Cir. 2025) ("[N]o federal statute 'authorizes district courts to exercise appellate jurisdiction over state-court judgments,' even those that raise issue of—or are alleged to violate— federal law." (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002))). The Report recommends dismissal of Plaintiff's complaint without prejudice and without issuance and service of process. [ECF No. 11 at 4.] Plaintiff objects to the Report, asserting it fails to address various legal issues. [ECF No. 14.] Having thoroughly reviewed Plaintiff's objections and the other documents she has since filed, ECF Nos. 14, 17, 18, the court agrees with the magistrate judge. The court addresses Plaintiff's objections below.

Liberally construed, Plaintiff argues the court has subject matter jurisdiction based on alleged violations of the federal constitution or other federal laws. First, Plaintiff asserts that the mortgage is null and void due to a break in the chain of title. [ECF No. 14 at 1.] She further argues that this break renders Defendant's claim invalid and constitutes a violation of her rights under the Fourth and Fifth Amendments. *Id.* Second, Plaintiff claims the agreement at issue was misclassified as an installment agreement rather than a traditional mortgage. *Id.* According to Plaintiff, the misclassification calls into question the enforceability of the mortgage and the

transaction's compliance with federal consumer protection regulations. *Id.* Third, Plaintiff references a failure to properly account for CUSIP numbers in the legal proceedings, arguing that this failure further undermines the claim and increases the risk of securities fraud. [ECF No. 14 at 2.] Fourth, Plaintiff states that the magistrate judge did not address the lower court's recusal of the Master of Equity, the removal of court documents from public view, or Plaintiff's submission of bonds to the lower court. *Id.* Plaintiff argues courts have found if a debtor has bonds available to satisfy a debt, then enforcement of the debt may be challenged. *Id.* Finally, Plaintiff questions whether the referee, Robert E. Lee, possessed the authority to rule on this matter, as the Constitution requires that property rights be adjudicated by those with proper qualifications. *Id.* Plaintiff challenges the court's jurisdiction and raises concerns based on the alleged illegitimacy of the mortgage. [ECF No. 14 at 3.]

      Although Plaintiff attempts to implicate federal law in this action, at bottom, she attempts to appeal a state court judgment. But this court lacks subject matter jurisdiction for such cases under the *Rooker-Feldman* doctrine, which provides that "lower federal courts generally do not have [subject-matter] jurisdiction to review state-court decisions." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857 (4th Cir. 2001) (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)). And while the Supreme Court has cautioned that *Rooker-Feldman* has sometimes been too broadly construed in the past, it is properly invoked to bar federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

That is precisely what this case presents. Plaintiff lost in state court and now complains of injuries resulting from the state-court judgment, including alleged violation of her constitutional rights. The state-court judgment was rendered on August 21, 2024—before this case was filed. Plaintiff effectively asks the court to review and reverse the state-court judgment or remand for a new trial. *See* ECF No. 1. Even to the extent she seeks additional relief, she merely seeks "to re-litigate matters that are 'inextricably intertwined' with [a] judgment[] entered by the state court in the foreclosure action[]. Such actions are barred by the *Rooker-Feldman* doctrine." *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 238 (4th Cir. 2013); *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) ("[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court."). Accordingly, Plaintiff's objections are overruled. This court lacks subject matter jurisdiction in this case.

## CONCLUSION

After a de novo review of the Report, the applicable law, and the record of this case, the court finds it lacks subject matter jurisdiction. This court thus adopts and incorporates the magistrate judge's Report. [ECF No. 11.] Accordingly, the Complaint is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

June 30, 2025                                         Sherri A. Lydon
Columbia, South Carolina                      United States District Judge